IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:14-607-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JONAS LEON GILMORE | ) | |
| _____ | ) | |

This matter is before the court on the defendant's second *pro se* motion (ECF No. 1021) for compassionate release pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). The defendant seeks a reduction in his sentence due to intervening changes in the law and he claims he received an unusually long sentence.

The government has responded in opposition (ECF No. 1038), asserting that the defendant has not shown extraordinary and compelling reasons for release, he fails to meet the U.S. Sentencing Guideline (U.S.S.G.) § 1B1.13(b)(6) prerequisite, and he has not identified a cognizable change of law affecting his sentence. The government also suggests that the § 3553(a) factors counsel against granting the remedy of a reduction in the defendant's case. The defendant replied to the government's responses and this matter is now ripe for review.

STANDARD OF REVIEW

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010). However, the commonly termed "compassionate release" provision of § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. Under this statute, a district

court may reduce a criminal defendant's sentence if the court finds extraordinary and compelling reasons that warrant such a reduction after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act of 2018, courts could only consider compassionate release upon motion of the Bureau of Prisons (BOP). *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Today, however, § 3582(c)(1)(A) allows a defendant to file his own motion for compassionate release directly with the federal court so long as he first fully exhausts all administrative remedies.

Although Congress did not define "extraordinary and compelling" reasons in § 3582(c)(1)(A), the Sentencing Commission addressed the issue in a Policy Statement— United States Sentencing Guideline (U.S.S.G.) § 1B1.13—which provided the BOP with several categories of "extraordinary and compelling reasons" to consider. *McCoy*, 981 F.3d at 276.

For years following the passage of the First Step Act in 2018, the Sentencing Commission did not update § 1B1.13 to account for motions filed directly by defendants, meaning that the policy did not bind the courts when presented with a defendant's motion for compassionate release. *Id*. at 281–82, 284. A court, therefore, remained "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id*. at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration

and emphasis in original).

However, on November 1, 2023, the Sentencing Commission, via Amendment 814, amended U.S.S.G. §1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction. The qualification list falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. The policy statement also recognizes the possibility that the BOP could identify other grounds that amount to extraordinary and compelling reasons.

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate

the relevant § 3553(a) factors. *Id*. at 195.

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. First, the court determines whether extraordinary and compelling reasons support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Finally, if the court finds that an extraordinary and compelling reason warrants relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024).

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

Finally, the defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on

his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government concedes that the defendant has exhausted his administrative remedies, thus the court will proceed to review the matters on the merits.

## PROCEDURAL HISTORY

The defendant was one of 13 co-defendants charged in a Superseding Indictment filed in the District of South Carolina in November 2014 (ECF No. 223). He was charged with in Count 1 with conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851.

In January 2015, the government filed an Amended Information (ECF No. 275) pursuant to 21 U.S.C. § 851 based upon the defendant's three prior state convictions.

The defendant pleaded guilty to Count 1 of the Superseding Indictment pursuant to a written Plea Agreement (ECF No. 296).

At sentencing, the Presentence Report (PSR) (ECF No. 461) revealed that the defendant's base offense level was 32, plus 2 levels for possession of a firearm, for an adjusted offense level of 34. The defendant was given 3 points for acceptance of responsibility, lowering his total offense level to 31. The defendant had 18 criminal history

points, plus two status points[1] for a total of 20 points, which placed him at a criminal history category of VI.

At sentencing, the court sustained the defendant's objection and considered the defendant's predicate convictions in paragraphs 59 and 60 conduct part of the instant offense. Based on the court's ruling, no criminal history points were attributed to those offenses so that his criminal history points were reduced from 20 to 14. The government also agreed that the convictions in paragraphs 59 and 60 were not be considered predicate felony drug convictions as initially alleged in the § 851 Information.

The total offense level of 31 and criminal history category of VI called for a mandatory life sentence. Absent the mandatory minimum sentence required by statute, the guideline range would have been 188 to 235 months.

On September 22, 2015, this court sentenced the defendant to life imprisonment and 10 years of supervised release. The defendant did not appeal his conviction.

The defendant's first motion under the First Step Act of 2018 (ECF No. 847) was denied by this court because he was charged and sentenced based on the revised penalties of the Fair Sentencing Act of 2010. In 2020, the government filed a motion pursuant to Rule 35(b) which this court granted and then resentenced the defendant from life down to a term

---

[1] A Sentence Reduction Report (SRR) was prepared by the U.S. Probation Office on June 18, 2024 (ECF No. 1018) in light of U.S.S.G. Amendment 821. The Probation Office determined that under "status points," only one additional criminal history point applies under U.S.S.G. §4A1.1(e) (as opposed to 2 points that were added at sentencing) so that the defendant's criminal history score was now 13. While this reduced his criminal history points from 14 to 13, it did not have the effect of lowering his guideline sentence, thus it was not applicable.

of 300 months imprisonment. The defendant's motion for a reduction of his sentence pursuant to U.S.S.G. Amendment 782 was denied by this court upon its finding that the defendant's Guidelines sentencing range was unaffected by Amendment 782.

The defendant is presently 43 years old. On January 17, 2025, the defendant was granted Executive Clemency (ECF No. 1049) which had the effect of commuting his total sentence down to 180 months imprisonment, leaving intact and in effect the term of supervised release and all other conditions of the sentence.

## DISCUSSION

### I. *Unusually Long Sentence*

As is relevant here, U.S.S.G. § 1B1.13(b)(6) declares that if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In addition, § 1B1.13(c) sets out limitations on changes in the law: Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of

determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

The defendant claims that he was given an unusually long sentence for his crime and that he has compiled a remarkable record of rehabilitation showing that if he is released, he is not a danger to the public.

The government first argues that the defendant does not meet the criteria for a sentence reduction under § 1B1.13(b)(6) because this subsection limits consideration of changes in law to defendants who have served at least 10 years of the term of imprisonment. The government asserts that the defendant has not meet the 10 year threshold as his sentence was imposed on September 22, 2015. He, however, was in state custody at that time and was not released, and began to serve his federal sentence until March 22, 2016. As of the date of this order, the defendant has served almost 9 years of his nearly 25 year sentence.

This court agrees with the government that the defendant cannot meet the new threshold in § 1B1.13(b)(6) because he has not served at least 10 years of his federal sentence. This court may not grant a reduction that is inconsistent with the applicable policy statements issued by the Sentencing Commission in November 2023. Accordingly, no relief can be granted. Moreover, the defendant has failed to point to any specific change in the law

that would affect his sentencing guidelines. Accordingly, the defendant has not shown how § 1B1.13(b)(6) would afford him any relief. Thus, the defendant's motion is subject to dismissal, even if he had met the 10 year threshold.

While the defendant's post-sentencing conduct appears to be commendable, his claim of rehabilitation alone is insufficient to meet the extraordinary and compelling requirements under compassionate release.

## CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties under the recent changes in sentencing laws and amendments to the Guidelines.

In summary, this court does not find an extraordinary and compelling reason for consideration of compassionate release on the defendant's claim of an unusually long sentence. Thus, it is not necessary for the court to address the § 3553(a) factors.

For the reasons stated herein, the defendant's motion (ECF No. 1021) is respectfully denied.

IT IS SO ORDERED.

March 25, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge